IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | *   **Criminal No.: WDQ-08-0415** |
| **LARRY CHEESE** | * |
| | * |

...oOo...

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR SEVERANCE**

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, James T. Wallner, Assistant United States Attorney for said District and Christopher Mason, Special Assistant United States Attorney for said District, submits this Opposition to Defendant's Motion for Severance.

**I. INTRODUCTION**

The defendant and seven (7) co-defendants were charged in a one count indictment with conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of cocaine base and one (1) kilogram or more of heroin in violation of 21 U.S.C. § 846. As of the filing of this motion, all defendants except Larry Cheese ("defendant") and Elliott Brown ("Brown") have entered pleas of guilty. The defendant contends that he should be tried separately from Brown.

## II. ARGUMENT

**A.     The defendant and Elliott Brown were properly joined in the indictment and, therefore, should be tried together.**

Under Fed. R. Crim. P. 8(b), "defendants may be charged together in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting and offense or offenses." Assuming proper joinder in the indictment, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman,* 655 F.2d 540, 542 (4th Cir. 1981). In fact, unless "a miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. *Richardson v. Marsh,* 481 U.S. 200, 206-11, 95 L. Ed. 2d 176, 107 S. Ct. 1702 (1987). This presumption applies equally to defendants indicted on conspiracy charges. *Zafiro v. United States,* 506 U.S. 534, 537-38, 122 L. Ed. 2d 317, 113 S. Ct. 933 (1993).

Under Fed. R. Crim. P. 14, severance is only required when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. The party seeking severance has no right to it simply because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. *United States v. Khan,* 461 F.3d 477, 491 (4th Cir. 2006). Finally, to require severance, a defendant must "establish that actual prejudice would result from a joint trial...not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis,* 48 F.3d 763, 767 (4th Cir. 1995).

In the case at bar, the defendant was properly charged in the same indictment with Brown. The charges stem from a drug conspiracy that lasted from in or about 2004 until in or about July 2008. Both the defendant and Brown participated in the same series of acts or transactions that

2

constitute the charged conspiracy. Accordingly, applying the facts to the law as stated above, the Defendant's Motion for Severance should be denied.

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

Date: May 29, 2009         By: /s/
                James T. Wallner
                Assistant United States Attorney

                Christopher Mason
                Special Assistant United States Attorney