

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

James Wallner
Assistant United States Attorney
James.Wallner@usdoj.gov

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4971
MAIN: 410-209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462

June 1, 2009

___ FILED   ___ ENTERED
___ LOGGED  ___ RECEIVED

JUN 0 1 2009

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                      DEPUTY

Michael Carithers, Esq.
111 S. Calvert St., Suite 2700
Baltimore, MD 21202

Re:   United States v. Larry Cheese
      Criminal Number: WDQ-08-0415

Dear Mr. Carithers:

   This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 1, 2009, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

   1. The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with conspiracy to distribute and possess with intent to distribute ~~fifty grams or more of cocaine base, commonly known as "crack," a schedule II controlled substance, and~~ one kilogram or more of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

   2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

      a. an agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute fifty grams or more of cocaine base and one kilogram or more of heroin; and

      b. the Defendant knowingly joined in that agreement.



GOVERNMENT EXHIBIT 1

Plea Agreement
United States v. Larry Cheese
WDQ-08-0415
Page 2 of 8

<u>Penalties</u>

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is imprisonment for life with a mandatory minimum sentence of twenty years, followed by a period of supervised release of at least ten years, and an $8,000,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

<u>Waiver of Rights</u>

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

        6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. **Statement of Facts**

Commencing in or about 2004 and continuing until in or about July 2008, the Defendant conspired with a number of other individuals to distribute and possess with intent to distribute heroin ~~and cocaine base~~ in and around the area of the Westport Section of Baltimore City, Maryland. The Defendant was a street lieutenant for the organization that sold heroin (under the brand name "Dynasty") ~~and cocaine base~~.

At various times during the period of the conspiracy, the Defendant was observed by law enforcement in and around the "street shop," controlling the distribution of heroin ~~and cocaine base~~ by street workers, in and around the Westport Section of Baltimore City.

The Government's evidence consists of, among other things, the testimony of cooperating witnesses; seizures of narcotics, narcotics proceeds, and other evidence pursuant to search warrants; video surveillance of operation of the street shop; and recorded conversations among the conspirators.

The parties stipulate that based on the facts readily provable by the Government, the Defendant, along with other members of the conspiracy, conspired to distribute and possess with the intent to distribute at least 30 kilograms or more of heroin.

b. **Guideline Stipulations**

The parties stipulate and agree that during the period of the conspiracy the Defendant conspired to distribute and possess with the intent to distribute 30 kilograms of more of heroin. Accordingly, the base offense level is agreed to be thirty-eight (38) pursuant to U.S.S.G. § 2D1.1(c)(1).

c. **Acceptance of Responsibility**

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office does *not* agree to make a motion pursuant to U.S.S.G. § 3E1.1(b) because the Defendant did not timely notify this Office of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement

Plea Agreement
United States v. Larry Cheese
WDQ-08-0415
Page 5 of 8

and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is an armed career criminal or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The parties stipulate, however, that regarding the calculation of the Defendant's criminal history, two (2) of the defendant's prior drug convictions stemming from arrests on April 13, 2006, and November 29, 2006, were part of a common scheme or plan and are, therefore, considered related to the instant offense and are not "prior sentences," pursuant to U.S.S.G. §4A1.2(a). Additionally, this Office agrees to withdraw one of the two enhancements filed under 21 U.S.C. § 851. Accordingly, the Defendant will be eligible for a mandatory minimum sentence of twenty years imprisonment not life imprisonment.

8. With respect to the calculation of criminal history and the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and this Office at least ten days in advance of sentencing of the facts or issues he intends to raise pursuant to 18 U.S.C. § 3553(a).

## Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence within the final adjusted guideline range. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of thirty-six (36), and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of thirty-six (36). Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the

Plea Agreement
United States v. Larry Cheese
WDQ-08-0415
Page 6 of 8

provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding

Plea Agreement
United States v. Larry Cheese
WDQ-08-0415
Page 7 of 8

prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
James T. Wallner
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

Plea Agreement
United States v. Larry Cheese
WDQ-08-0415
Page 8 of 8

    I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6/01/09
Date

*/s/ Larry Cheese*
Larry Cheese

    I am Larry Cheese's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/1/09
Date

*/s/ Michael Carithers*
Michael Carithers, Esq.