FILED: February 17, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 09-4975
(1:08-cr-00415-WDQ-4)

---

UNITED STATES OF AMERICA

   Plaintiff - Appellee

v.

LARRY CHEESE

   Defendant - Appellant

---

J U D G M E N T

---

In accordance with the decision of this Court, the judgment of the District Court is affirmed.

This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4975

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LARRY CHEESE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William D. Quarles, Jr., District Judge.   (1:08-cr-00415-WDQ-4)

Submitted:   December 30, 2010            Decided:   February 17, 2011

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for Appellant.   Christopher M. Mason, Special Assistant United States Attorney, James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Larry Cheese pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Cheese to 292 months' imprisonment, the bottom of the advisory guidelines range. Cheese timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by denying Cheese's motion to withdraw his guilty plea and challenging the reasonableness of Cheese's sentence. Cheese was advised of his right to submit a pro se supplemental brief, but he did not file one.

At the beginning of his sentencing hearing, Cheese made a pro se motion to withdraw his guilty plea, which the district court denied. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show that a "fair and just reason" supports his request to withdraw his plea. Id.

2

"[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). In this case, the district court substantially complied with the requirements of Rule 11 in accepting Cheese's guilty plea. Accordingly, Cheese must overcome a strong presumption that his guilty plea is final and binding. Id.

In determining whether Cheese has carried his burden, we consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. This court has stated that the first, second, and fourth factors are the most significant, as they "speak most straightforwardly to the question of whether the movant has a fair and just reason to upset settled systemic expectations" by withdrawing his guilty plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

Cheese claimed at the sentencing hearing that his guilty plea was not knowing and voluntary because his lawyer

3

promised him on the day of the trial that he would receive a twenty-one-year sentence if he pled guilty and that he was scared into pleading guilty when he had always wanted to proceed to trial because he was innocent. However, during the plea hearing, Cheese declared under oath that he understood that his offense included a statutory minimum sentence of ten years and a statutory maximum term of life in prison. Cheese also denied that anyone had threatened or forced him into pleading guilty. Finally, when the court asked him if, other than in the plea agreement (which did not include a prediction or promise of a particular sentence), anyone had made any promise or prediction about what sentence he would receive, Cheese answered, "No."

Contrary to his bald claim of innocence at the sentencing hearing, Cheese declared under oath at the plea hearing that the Government's summary of the facts establishing his guilt was accurate and that he was pleading guilty because he was, in fact, guilty. These statements, made under oath, are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Beck v. Angelone, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing). We conclude that Cheese did not made a credible showing that his guilty plea was not knowing and voluntary or that he is actually innocent. Moreover, although Cheese sought

4

new counsel at his sentencing hearing, his claims regarding the adequacy of counsel's representation were unsubstantiated.

Thus, the three most important Moore factors weigh against Cheese's motion to withdraw his guilty plea. Additionally, Cheese waited until the sentencing hearing to try to withdraw his guilty plea. Even if withdrawal of the plea would not prejudice the Government or inconvenience the district court or waste judicial resources, these countervailing considerations do not constitute a "fair and just" reasons to grant Cheese's motion to withdraw his guilty plea. See Sparks, 67 F.3d at 1154 (noting that Moore factors three, five, and six "are better understood as countervailing considerations that establish how heavily the [Rule 11] presumption [of finality of the guilty plea] should weigh in any given case."). We conclude that the district court did not abuse its discretion in denying Cheese's motion.

Turning to Cheese's sentence, we review it under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on

5

clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In this case, the district court correctly calculated the advisory guidelines range. Although the court committed procedural error in failing to provide an individualized assessment of Cheese's case, we conclude that the court's omission did not affect Cheese's substantial rights. See United

6

States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). Furthermore, neither counsel nor Cheese has articulated any factors to overcome the appellate presumption of reasonableness afforded Cheese's within-guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Cheese.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Cheese, in writing, of the right to petition the Supreme Court of the United States for further review. If Cheese requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cheese.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this Court, or another Court of Appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the Court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

FILED: February 17, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4975,   US v. Larry Cheese
               1:08-cr-00415-WDQ-4

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI**: To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL**: Vouchers are sent to counsel appointed or assigned by the Court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the Court did not receive a voucher, forms and instructions are available from the Court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS**: A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC**: A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition